### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| MOHAMMAD MEHREIOSKOUEI, and ) | |
| ALMAS SAMADI, ) | Case No. 09-bk-21446 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| ZERO INVESTMENT AND ) | |
| MANAGEMENT CORP., an Illinois ) | Adv. No. _____ |
| corporation, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| MOHAMMAD MEHREIOSKOUEI, and ) | |
| ALMAS SAMADI, ) | |
| ) | |
| Defendants. ) | |

### ADVERSARY COMPLAINT OBJECTING TO DISCHARGE

Plaintiff, Zero Investment and Management Corp., ("Plaintiff" or "Zero") by and through its attorney, Richard H. Fimoff of Robbins, Salomon & Patt, Ltd., files this adversary complaint objecting to discharge of its debt herein, pursuant to 11 U.S.C. §§ 727(a)(2)(A) & 727(a)(4). In support of its complaint, Plaintiff states as follows:

### JURISDICTION AND VENUE

1.   This adversary proceeding is a civil proceeding arising under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code within the meaning of 28 U.S.C. §1334(b).

D06260

1

2. This court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334, and internal operating procedure 15(a) of the Federal District Court for the Northern District of Illinois.

3. This is a core proceeding under 28 U.S.C. § 157.

4. Venue of this adversary proceeding is proper in this court under 28 U.S.C. § 1409(a) and Rule 312 of the Bankruptcy Rule for the U.S. District Court and the U.S. Bankruptcy Court for the Northern District of Illinois.

### THE PARTIES

5. Plaintiff, is an Illinois corporation registered to do business in the State of Illinois and is in the business of leasing commercial real estate.

6. Debtors, Mohammad Mehreioskouei and Almas Samadi (collectively, "Debtors"), maintain a residence at 234 Desmond Drive, Schaumburg, Illinois 60193.

### FACTS COMMON TO ALL COUNTS

7. On April 20, 2005, CPC Restaurants, as lessee, executed and delivered a shopping center lease to Plaintiff (the "Lease") for certain premises located at 1655 E. Algonquin Road, Rolling Meadows, Illinois (the "Leasehold Premises").

8. Contemporaneously with the execution of the Lease, Mehreioskouei and his business partner at the time, Mark Hoffman ("Hoffman"), executed and delivered a lease guarantee to Plaintiff (the "Guarantee"), wherein they each absolutely and unconditionally guaranteed CPC Restaurants' duties and obligations under the Lease.

9. On March 20, 2007, Plaintiff served CPC Restaurants with a landlord's five-day notice (the "Five-Day Notice") demanding payment of past due rent, applicable late charges and interest, in the sum of $98,229.00 due to Plaintiff at that time under the Lease. At no time

thereafter did CPC Restaurants, Mehreioskouei and Hoffman deliver payment of the outstanding amounts to Plaintiff despite their respective obligations under the Lease and Guarantee.

10. On or about April 10, 2007, subsequent to incurring a liability to Plaintiff, Mehreioskouei transferred all of his ownership interest in his personal residence (the "Subject Property"), which he had owned in joint tenancy with Samadi since December 31, 1993, to Samadi by quit claim deed.

11. On April 18, 2007, Plaintiff filed a three-count verified complaint in forcible entry and detainer and for other relief in the Circuit Court of Cook County (Case No. 07 M1 708899) seeking possession of the Leasehold Premises and rent from CPC Restaurants (Counts I and II), and alleging breach of guaranty against Mehreioskouei and Hoffman by virtue of the Guarantee (the "Forcible Action").

12. On October 31, 2007 and November 16, 2007, the Circuit Court of Cook County entered judgments in the Forcible Action in favor of Plaintiff and against CPC Restaurants, Mehreioskouei and Hoffman, jointly and severally, in the amounts of $156,140.27 (plus costs) and $1,992.00, respectively (collectively, the "Judgment").

13. When Mehreioskouei transferred all of his ownership interest in the Subject Property to Samadi, his wife, on or about April 11, 2007, he knew of CPC Restaurants' outstanding debt to Plaintiff and he knew of his personal obligation to satisfy that debt under the Guarantee.

14. Mehreioskouei received no consideration from Samadi in exchange for the transfer of his ownership interest in the Subject Property to Samadi.

15. Mehreioskouei remained in possession of the Subject Property and continued to occupy it with Samadi following his transfer of all of his ownership interest in the Subject Property to Samadi.

16. Mehreioskouei's ownership interest in the Subject Property before he transferred it to Samadi was his most substantial asset.

17. On February 4, 2008, Plaintiff filed a verified complaint in the Circuit Court of Cook County (Case No. 08 CH 4449) against the Debtors seeking to avoid Mehreioskouei's fraudulent transfer of his ownership interest in the home to Samadi.

18. On September 26, 2008, Almas Samadi transferred her interest in the Subject Property, via quit claim deed, to herself and her husband, Mohammad Mehreioskouei, as tenants by the entirety.

19. The case for avoidance of the fraudulent transfer was set for trial on May 4, 2009. On the eve of trial, Mehreioskouei was allegedly hospitalized and the trial was continued. On June 17, 2009, the parties were scheduled to be before Judge Hall of the Circuit Court of Cook County for status and setting a trial date. On June 12, 2009, the Debtors filed a petition for relief under the Bankruptcy Code.

## COUNT I
### (Objection to discharge under §727(a)(2)(A))

20. Plaintiff restates and realleges paragraphs 1 through 19 of this complaint as if fully set forth herein as paragraphs 1 through 19 of Count I of this complaint.

21. Pursuant to the Bankruptcy Code, the court shall grant the debtor a discharge, unless the debtor, with intent to hinder, delay, or defraud a creditor … has transferred … property of the debtor within one year before the date of the filing of the petition. 11 U.S.C. § 727(a)(2)(A).

22. On September 26, 2008, less than nine months before the filing of the petition for relief under the Bankruptcy Code, Almas Samadi transferred the subject property to herself and her husband as tenants by the entirety to further hinder, delay and defraud Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Debtors, Mohammad Mehreioskouei and Almas Samadi, as follows:

(A) Denying discharge of Plaintiff's debt pursuant to 11 U.S.C. § 727(a)(2)(A); and

(B) Granting any other such relief as this Court deems equitable and just.

## COUNT II
### (Objection to discharge under §727(a)(4))

23. Plaintiff restates and realleges paragraphs 1 through 19 of this complaint as if the same were set forth herein as paragraphs 1 through 19 of Count II of this complaint.

24. Pursuant to the Bankruptcy Code, the court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account. 11 U.S.C. § 727(a)(4).

25. On Schedule A of their joint petition, the Debtors list the market value of their Primary Residence as $235,000.00. Upon information and belief based on recent sales of similar parcels of real estate in the same subdivision, the actual value of the Debtors' Primary Residence exceeds the declared amount by 40-50%.

26. The Debtors knowingly understated the market value of their residence so as to make it appear that the amount of equity in their residence is substantially less than it actually is.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Debtors, Mohammad Mehreioskouei and Almas Samadi, as follows:

(A) Denying discharge of Plaintiff's debt pursuant to 11 U.S.C. § 727(a)(4)(A); and

(B) Granting any other such relief as this Court deems equitable and just.

D06260

                                        ZERO MANAGEMENT AND
                                        INVESTMENT CORP.

                       By:       /s/ Richard H. Fimoff
                              One of Plaintiff's Attorneys

Richard H. Fimoff
Robbins, Salomon & Patt, Ltd.
25 East Washington St.
Suite 1000
Chicago, IL 60602
(312) 782-9000
Email: rfimoff@rsplaw.com

D06260